**In re Marilyn Faye DEGLOPPER, aka Marilyn Faye Swan, Debtor.**

**TRUSTEE SERVICES CORPORATION, Trustee, Plaintiff,**

v.

**Marilyn Faye DEGLOPPER, aka Marilyn Faye Swan, Defendant.**

**Adv. No. 84–0375.**

United States Bankruptcy Court, D. Idaho.

Sept. 24, 1985.

Kathryn T. Langfield, Hamlin & Sasser, Boise, Idaho, for plaintiff.

Raymond B. Littlefield, Boise, Idaho, for defendant.

## MEMORANDUM DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

Trustee Services Corporation requests an order directing the debtor to turn over an automobile and jewelry which were purchased with part of the proceeds of the sale of her homestead, and the cash which is the remainder of those proceeds. The debtor argues that, pursuant to I.C. § 55–1113, the debtor's homestead exemption extends to the proceeds of the sale of the homestead for six months after the sale; and that this period of time should not include the period of time after the trustee filed its turnover action, during which the debtor argues the funds were "frozen."

After the debtor and her ex-husband were divorced, they sold their homestead. The debtor received $10,098.30 as her share of the sale proceeds. She contends that she gave the money to a third person, who then purchased and gave her an automobile and a ruby ring. The debtor apparently now has the cash which was not spent on the automobile and ring.

I conclude that the homestead exemption does not extend to the value of the automobile and ring. The homestead exemption is intended to protect one's home from the reach of creditors to insure that an individual or family does not lose its shelter. By allowing a six month protection of proceeds of the sale of a homestead, the legislature enabled homesteaders to change residences without endangering the proceeds of one homestead before a second homestead is purchased. The purchase of the automobile and ring demonstrates that the debtor did not intend to use those proceeds to establish a new homestead. Holding that those items are exempt would distort the legislative scheme of exemptions which presently exists.

The application of the exemption scheme to the remaining cash proceeds presents a difficult question. I conclude that the filing of a complaint for turnover does not "freeze" homestead proceeds so as to render a debtor unable to purchase a replacement homestead. If the funds remain in the hands of the debtor, as they apparently have in this case, a debtor is not inhibited from acquiring a homestead any more than he would be in the absence of the turnover action. The debtor here has not shown that she was inhibited in any way.

I conclude that the debtors' use of about 60 percent of the money for the purchase of nonexempt goods reflects a general lack of concern on her part as to establishing a second homestead. I conclude that she has shown no facts which would support a finding that she was prevented from establishing a second homestead. Therefore, I conclude that the remaining cash proceeds are also not exempt under the statute.

I will grant the trustee's request for an order directing turnover of the automobile, ring and remaining cash proceeds.

IT IS SO ORDERED.